**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*, | Case No. 19-11466 (MFW) |
| Debtors.[1] | Jointly Administered **Re: Docket Nos. 2770, 2792 and 2845** |
| CENTER CITY HEALTHCARE, LLC, *et al.*, | |
| Plaintiffs | |
| - against – | **Adversary Nos. See Exhibit "1"** |
| Defendants Listed on Exhibit "1", | |
| Defendant. | |

**ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING
ADVERSARY PROCEEDINGS BROUGHT BY DEBTORS PURSUANT TO
SECTIONS 502, 547, 548 AND 550 OF THE BANKRUPTCY CODE**

Upon *Debtors' Motion for Entry of an Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought by Debtors Pursuant to Sections 502, 547, 548 and 550 of the Bankruptcy Code*, (the "**Motion**")[2] filed by the above-captioned debtors and debtors-in-possession, (the "**Plaintiffs**" or the "**Debtors**"), by and through their undersigned counsel, for entry of a procedures order (this "**Procedures Order**") pursuant to sections 102(1) and 105(a) of

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 216 N. Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

[2]     Capitalized terms not otherwise defined herein shall have the meaning ascribed to the as in the Motion.

title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), establishing streamlined procedures governing the adversary proceedings brought by Debtors under sections 502, 547, 548 and 550 of the Bankruptcy Code, which are identified in **Exhibit 1** annexed hereto (each an "**Avoidance Action**," collectively, the "**Avoidance Actions**"); and this Court having jurisdiction to consider and determine the Motion as a core proceeding in accordance with 28 U.S.C. §§ 157, 1331 and 1334; and sufficient notice of the Motion having been given; and it appearing that no other or further notice of the Motion need be provided; and it appearing that the relief requested by the Motion is necessary and in the best interests of the parties; and upon the record herein and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

       A,       The Procedures Motion is hereby GRANTED, as set forth herein.

       B.      The procedures governing all Avoidance Actions and all parties to the Avoidance Actions are as follows:

**A.**      **Effectiveness of the Procedures Order**

       1.      This Procedures Order shall apply to all of the Avoidance Actions and to all parties in the Avoidance Actions.

       2.      This Order will not alter, affect or modify the rights of any Defendant in an Avoidance Action to seek a jury trial or withdraw the reference, or otherwise move for a determination regarding whether the Court has authority to enter a final judgment under 28 U.S.C. § 157 in an Avoidance Action, and all such rights of any such Defendant, as well as the rights of the Debtors to oppose any such request(s) for relief, are preserved, unless any such request for relief has been waived by the Defendant in a responsive pleading.

**B.**      **Extensions to Answer or File Other Responsive Pleading to the Complaint**

       3.      Notwithstanding the time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action as may be set forth in the summons issued and served for such Avoidance Action, the time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action shall be extended

to and including October 15, 2021.  Without further order of the Court, the parties may stipulate to no more than three (3) additional extensions of time, with such stipulations to be filed on the respective adversary proceeding docket.

**C.      Waiver of Requirement to Conduct Initial Pretrial Conference**

4.      The requirements of Federal Rule of Civil Procedure 16 with respect to an initial pretrial conference, made applicable herein pursuant to Bankruptcy Rule 7016 and Local Rules 7004-2 and 7016-1, are hereby waived and shall not be applicable with respect to the Avoidance Actions.  Neither the Plaintiffs nor any Defendant shall be required to appear at an initial pretrial conference or any subsequently scheduled pretrial conferences.  For the avoidance of doubt, the waiver of the requirements of Federal Rule of Civil Procedure 16 as set forth herein shall not apply to the requirements of Federal Rule of Civil Procedure 16(e) and 16(f)

**D.      Waiver of Requirement to Conduct Rule 26(f) Scheduling Conference**

5.      The requirements of Federal Rule of Civil Procedure 26(f), made applicable in adversary proceedings pursuant to Bankruptcy Rule 7026 (i.e., mandatory meeting before scheduling conference/discovery plan), are hereby waived and shall not be applicable to the Avoidance Actions; and the parties to the Avoidance Actions are not required to submit a written report as may otherwise be required under Federal Rule of Civil Procedure 26(f).

**E.      Discovery, Mediation and Dispositive Motion Schedule**

6.      The parties' respective rights and obligations with respect to formal discovery under Federal Rules of Civil Procedure 26 through 37 as such are made applicable in adversary proceedings shall be, and hereby are, stayed until the mediation process is concluded; provided, however, that such stay of formal discovery rights and obligations shall in no way preclude, with respect to any Avoidance Action, the parties from informally requesting and exchanging documents and information in an attempt to resolve such Avoidance Action in advance of, or during, the mediation process; and the parties in the Avoidance Action are encouraged to engage in such informal requests for and exchanges of documents and information.

7.      Any Avoidance Action that has not been resolved and/or settled by October 15, 2021 (the "**Remaining Avoidance Actions**"), shall be referred to mediation.

8.      Between October 15 and October 31, 2021, Defendants in the Remaining Avoidance Actions shall choose a mediator from the list of proposed mediators (each a "**Mediator**," collectively, the "**Mediators**") included in **<u>Exhibit 2</u>** to this Order (the "**Mediator List**").   Concurrently, Defendants in the Remaining Avoidance Actions shall notify Plaintiffs' counsel of the Defendant's choice of Mediator by contacting Plaintiffs' counsel in writing, via email at john.demmy@saul.com.  If a Defendant in a Remaining Avoidance Action does

not timely choose a Mediator from the Mediator List and notify Plaintiffs' counsel, the Plaintiffs shall have the authority to and are hereby directed to assign such Remaining Avoidance Action to one of the Mediators on the Mediator List.

9.      Upon notification of the selection and assignment of a Remaining Avoidance Action, the selected Mediator shall conduct a conflicts check and, in the event of a conflict, may abstain from the particular mediation but also may seek a waiver of such conflict from the parties to such Avoidance Action.  In the event that the initially selected Mediator abstains or a waiver is not agreed upon by all parties, then the parties shall select another Mediator in accordance with the processes contained in Paragraphs 8 and 9 of this Order.  .

10.     On or about November 1, 2021, the Plaintiffs, working with the Mediators, will commence the scheduling of mediations.  Each Mediator will provide to the Plaintiffs the dates on which the Mediator is available for mediation and the parties shall cooperate with the Mediators and each other regarding the scheduling of mediations.  Plaintiffs' counsel shall contact the Defendant or Defendant's counsel with a list of proposed dates for mediation provided by the mediator.  Mediations will be scheduled on a "first-come, first-served" basis.

11.     Promptly after selection of the Mediator in an Avoidance Action, the Plaintiffs shall file a notice with the Court identifying the Mediator selected for such Avoidance Action (the "**Mediation Notice**").

12.     Within 7 calendar days after the conclusion of a mediation in an Avoidance Action, the Mediator shall file a certificate of completion (the "**Mediator's Report**") in such Avoidance Action which shall be limited to (a) who attended the mediation, (b) whether each party complied with the mediation-related provisions of this Order, and (c) whether a settlement was reached in such Avoidance Action.

13.     Mediation of all Remaining Avoidance Actions shall be concluded by January 31, 2022; except that Plaintiffs may seek an extension of such deadline for any Remaining Avoidance Action for cause shown based on the facts and circumstances relating to such Remaining Avoidance Action including, without limitation, to conclude a mediation commenced but unfinished as of January 31, 2022, or to schedule any Remaining Avoidance Action for a Mediation in the event that it could not be scheduled prior to January 31, 2022.

14.     The parties to any Avoidance Action that remains unresolved as of February 1, 2022 (hereafter, singularly, an "**Unresolved Avoidance Action,**" and collectively, the "**Unresolved Avoidance Actions**"), shall be required to provide the disclosures required under Federal Rule of Civil Procedure 26(a)(1), as incorporated by Bankruptcy Rule 7026 (the "**Initial Disclosures**") on or before February 15, 2022.

38634011.10

15. All written discovery including, without limitation, interrogatories, document requests and requests for admission, may be served by any party to an Unresolved Avoidance Action any time after the Mediator's Report in such Unresolved Avoidance Action is filed. Such written discovery shall not be served in any Unresolved Avoidance Action after March 31, 2022.

16. All non-expert, fact discovery including depositions of fact witnesses in the Unresolved Avoidance Actions shall be completed by May 31, 2022.

17. Except as otherwise provided herein, Federal Rules of Civil Procedure 26-37, to the extent made applicable to the Unresolved Avoidance Actions by Bankruptcy Rules 7026-7037, shall apply to the Unresolved Avoidance Actions.

18. Should a discovery dispute arise in an Unresolved Avoidance Action, the complainant shall file with the Court on the docket in such Unresolved Avoidance Action a letter outlining said issues and forward a copy to chambers. Respondent must reply within two (2) business days. The letter, excluding exhibits, shall be no longer than two (2) pages. The Court shall then inform the parties if it will require a conference call or formal motion.

19. Pursuant to Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports of (a) the parties for any issue on which they bear the burden of proof (not including any report by Plaintiffs on insolvency) and (b) if Defendant intends to provide expert testimony regarding insolvency of the Debtors, such expert reports, if any, shall be made to the adverse party on or before June 30, 2022.

20. Pursuant to Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports (a) of the parties' rebuttal experts, and (b) Plaintiffs' report on the insolvency of the Debtors, if any, shall be made to the adverse party on or before July 31, 2022.

21. All expert discovery in an Unresolved Avoidance Action, including expert witness depositions, shall be concluded on or before September 30, 2022.

22. All dispositive motions in an Unresolved Avoidance Action shall be filed and served by October 31, 2022. The Local Rules governing dispositive motions in adversary proceedings, including Local Rules 7007-1 – 7007-4, shall apply.

## F. Mediation Procedures and Requirements

23. Because the Remaining Avoidance Actions are proceedings before this Court, Delaware is the proper forum for mediation. Local Rule 9019-5 and the Court's mediation order, Delaware Bankruptcy Court General Order re Procedures in Adversary Proceedings, dated April 7, 2004, as amended April 11, 2005 (establishing mediation procedures for all adversary proceedings), shall govern the mediations, except as otherwise set forth herein.

24.     The Mediators shall be required to file disclosures prior to the scheduling of mediation. Local Rule 9019-2(e)(iii)(B) shall apply.

25.     The parties in each Remaining Avoidance Action will participate in the mediation, as scheduled and presided over by the chosen Mediator, in good faith and with a view toward reaching a consensual resolution. Mediation may take place (i) in-person (subject to agreement by the parties and the mediator), or (ii) via Zoom videoconferencing, Microsoft Teams videoconferencing, or an alternative videoconferencing platform selected by the Mediator. At least one *counsel for each party and a representative of each party having full settlement authority* shall attend the mediation, whether to be held in-person or by videoconference.

26.     The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations, and the rules of evidence will not apply. Each Mediator may implement additional procedures which are reasonable and practical under the circumstances.

27.     In the Mediator's discretion, the Mediator may require the parties to provide to the Mediator any relevant papers and exhibits, a statement of position, and a settlement proposal, and the Mediator may adjourn or continue a mediation that has been commenced if the Mediator determines that such is in the best interests of the parties.

28.     The parties must participate in the scheduling of mediation and mediate in good faith. If the Mediator feels that a party to the mediation is not attempting to schedule or resolve the mediation in good faith, the Mediator may file a report with the Court and the Court may, without need for further motion by any party, schedule a hearing. If the Court determines that the party is not cooperating in good faith with the mediation procedures, the Court may consider the imposition of sanctions. Additionally, if any party to the mediation is not attempting to schedule or resolve the mediation in good faith, the opposite party may file a motion for sanctions with the Court. Litigation with respect to the issuance of sanctions shall not delay the commencement of the mediation. Sanctions may include, but are not limited to, attorney's fees and costs and mediator fees.

29.     Upon notice and a hearing, a party's failure to appear at the mediation or otherwise comply with this Procedures Order with respect to mediation may, upon motion filed with the Court and after such notice and hearing as reasonable and appropriate under the circumstances, result in a default judgment or dismissal being obtained against the party failing to comply with the mediation provisions. The Mediator shall promptly file a notice with the Court when any party fails to comply with the mediation provisions set forth in the Procedures Order.

30.     The Mediator's fees (the "**Mediator Fee**") shall be paid by the Plaintiffs on a per case basis. The Plaintiffs shall pay the Mediator a $250.00 administrative fee (the "**Administrative Fee**") upon acceptance of an appointment. At least 7 calendar

days before the commencement of mediation, the Plaintiffs shall pay a pre-mediation fee (the "**Pre-Mediation Fee**").  The remaining fee (Mediator Fee minus the Administrative Fee and minus the Pre-Mediation Fee) will be paid by the Plaintiffs on or soon after the date of mediation as is practicable, should the mediation go forward.  If the parties settle prior to mediation, the mediator must be informed of the settlement at least seven (7) calendar days prior to the scheduled date of the mediation, or the Pre-Mediation Fee is non-refundable.  The Mediator and Pre Mediation Fee shall be fixed as follows:

i.     For Unresolved Adversary Actions with a claim amount as reflected in the complaint of less than $100,000, $3,000 per case with a Pre-Mediation Fee of $750;

ii.    For Unresolved Adversary Actions with a claim amount as reflected in the complaint equal to or greater than $100,000 and less than $250,000, $4,000 per case with a Pre-Mediation Fee of $1,250; and

iii.   For Unresolved Adversary Actions with a claim amount as reflected in the complaint equal to or greater than $250,000, $5,000 per case with a Pre-Mediation Fee of $1,750.

31.    Fees for a mediation that is continued with a gap between sessions of more than one calendar day will be on an hourly fee basis at the rate of $500.00 per hour to be paid by the Plaintiffs.

32.    Mediation statements are due seven (7) calendar days prior to the mediation to the Mediator.  Unless otherwise directed by the Mediator, the mediation statements shall be shared with the opposing parties, except that any party that has confidential information may share the same solely with the Mediator.  The Mediator will direct the parties as to further instructions regarding the mediation statements.

33.    Without the prior consent of all parties, no Mediator shall mediate a Remaining Avoidance Action in which he/she or his/her law firm represents a party.  If a Mediator's law firm represents any Defendant in the Avoidance Actions, then: (a) the Mediator shall not personally participate in the representation of that defendant; (b) the law firm shall notate the file to indicate that the Mediator shall have no access to it; and (c) any discussions concerning the particular Avoidance Action by employees of the law firm shall exclude the Mediator.  The Mediator's participation in mediation pursuant to this Procedures Order shall not create a conflict of interest with respect to the representation of such Defendants by the Mediator's law firm.

34.    The Mediator shall not be called as a witness by any party except as set forth in this paragraph.  No party shall attempt to compel the testimony of, or compel the production of documents from, the Mediators or the agents, partners or employees of their respective law firms.  Neither the Mediators nor their respective agents,

partners, law firms or employees (a) are necessary parties in any proceeding relating to the mediation or the subject matter of the mediation, nor (b) shall be liable to any party for any act or omission in connection with any mediation conducted under this Procedures Order.  Any documents provided to the Mediator by the parties shall be destroyed 30 days after the filing of the Mediator's Report, unless the Mediator is otherwise ordered by the Court.  However, subject to court order, a Mediator may be called as witness by any party and may be compelled to testify on a limited basis in proceedings where it is alleged that a party failed to comply with mediation as is required in the foregoing paragraphs of this Procedures Order.  Local Rule 9019- 5(d) shall apply.

35.   All proceedings and writings incident to the mediation shall be privileged and confidential, and shall not be reported or placed in evidence.  Local Rule 9019-(5)(d) shall apply.

**G.   Avoidance Action Omnibus Hearings**

36.   There shall be quarterly status conferences for the Avoidance Actions at which the Plaintiffs shall report to the Court on the status of all pending and resolved Avoidance Actions.   Except as otherwise ordered by the Court, all matters concerning Avoidance Actions shall be heard only at omnibus hearings scheduled for such purposes before the Honorable Mary F. Walrath (collectively, the "**Avoidance Action Omnibus Hearings**"), at which there may be status conferences, final pre-trial conferences and hearings on motions, if any.

37.   Defendants are not required to appear at any Avoidance Actions Omnibus Hearings unless: (a) a motion pertaining to the Defendant or the Defendant's Avoidance Action is calendared to be considered at such Avoidance Action Omnibus Hearing; or (b) the Court otherwise has directed such Defendant to appear.

38.   Unless the Court orders otherwise, all motions, pleadings, requests for relief or other materials that purport to set a hearing on a date or time other than an Avoidance Action Omnibus Hearing shall automatically, and without Court order, be scheduled to be heard at the next Avoidance Action Omnibus Hearing that is at least 30 calendar days after such motion, pleading, request for relief or other materials are filed and served.

39.   The Plaintiffs shall file a report one week prior to each Avoidance Action Omnibus Hearing setting out the status of each of the Avoidance Actions and shall contemporaneously deliver a copy of the report to the Court's chambers.

40.   If, after mediation has concluded and all discovery has been completed in an Avoidance Action, and any issues of fact or law remain after dispositive motions, if any, have been decided, the parties to the applicable Avoidance Action shall so inform the Court at the next scheduled Avoidance Action Omnibus Hearing.  At such time, the Court may address with respect to any such Avoidance Action any

additional issues arising subsequent to the Procedures Order, and may, inter alia, set additional deadlines, if necessary, establish a date for a final pre-trial conference, if necessary, a date by which the parties must file a joint pretrial order in advance of trial, and schedule a trial of the Avoidance Action.

**H.    Miscellaneous**

41.    The Local Rules and general orders issued by the Court shall continue to apply to all Avoidance Actions except to the extent of a conflict with the terms of this Procedures Order in which event the terms of this Procedures Order shall control.

42.    The deadlines and/or provisions contained in this Procedures Order may be extended and/or modified by the Court upon written motion and for good cause shown or consent of the parties pursuant to stipulation, which stipulation shall be filed with the Court (though need not be approved by the Court).

C.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Procedures Order.

Dated: September 21st, 2021
Wilmington, Delaware

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**

38634011.10

# Exhibit 1

# Avoidance Actions

# Exhibit 1-A
## Avoidance Actions filed by Saul Ewing Arnstein & Lehr LLP, Debtors' Counsel

| Case No. | Defendant | Filing Date |
|---|---|---|
| 21-50762 | Abbott Laboratories, Inc. | 06/23/2021 |
| 21-50765 | CCJ Physics LLC | 06/23/2021 |
| 21-50773 | Exactech Inc. | 06/23/2021 |
| 21-50778 | General Healthcare Resources Inc. | 06/23/2021 |
| 21-50782 | Greater Delaware Valley Society of Transplant Surgeons | 06/23/2021 |
| 21-50788 | Mayflower Laundry & Textile Services, LLC | 06/23/2021 |
| 21-50796 | McKesson Plasma & Biologics LLC et al | 06/23/2021 |
| 21-50800 | Occupational Health Centers of the Southwest, P.A. | 06/23/2021 |
| 21-50803 | Olympus America, Inc. | 06/23/2021 |
| 21-50807 | Philips Electronics North America Corporation | 06/23/2021 |
| 21-50812 | Trisonics Inc. | 06/23/2021 |
| 21-50816 | Water Revenue Bureau | 06/23/2021 |
| 21-50891 | Analogic Corp. | 06/24/2021 |
| 21-50892 | Baxter Healthcare Corp. | 06/24/2021 |
| 21-50893 | Biofire Diagnostics, LLC | 06/24/2021 |
| 21-50894 | Biomerieux Inc. | 06/24/2021 |
| 21-50895 | Cook Medical LLC | 06/24/2021 |
| 21-50896 | De Lage Landen Financial Services, Inc. | 06/24/2021 |
| 21-50897 | Edwards Lifesciences | 06/24/2021 |
| 21-50898 | EZ-Park Inc. | 06/24/2021 |
| 21-50899 | GE Healthcare Inc. | 06/24/2021 |
| 21-50900 | GE Medical Systems Inc. | 06/24/2021 |
| 21-50901 | General Electric Co. | 06/24/2021 |
| 21-50902 | Integra Lifesciences Corporation | 06/24/2021 |
| 21-50903 | Keystone Quality Transport Inc. | 06/24/2021 |
| 21-50904 | Nuance Communications, Inc. | 06/24/2021 |
| 21-50905 | Physician and Tactical Healthcare Services, LLC | 06/24/2021 |
| 21-50906 | Peoples Capital and Leasing Co. | 06/24/2021 |
| 21-50908 | Solid Waste Services Inc. | 06/24/2021 |
| 21-50909 | Spectranetics Corporation | 06/24/2021 |
| 21-50910 | Urology for Children LLC | 06/24/2021 |
| 21-50914 | Cepheid Inc. | 06/25/2021 |
| 21-50915 | Veritystream, Inc. f/k/a Echo Inc. | 06/25/2021 |
| 21-50916 | Environmental Control Services, Inc. | 06/25/2021 |
| 21-50917 | Joseph Glass | 06/25/2021 |
| 21-50918 | Healthstream, Inc. | 06/25/2021 |
| 21-50919 | Medical Components Inc. | 06/25/2021 |
| 21-50920 | Medline Industries Inc. | 06/25/2021 |

| Case No. | Defendant | Filing Date |
|---|---|---|
| 21-50921 | Orthofix Inc. | 06/25/2021 |
| 21-50922 | Scribe America LLC | 06/25/2021 |
| 21-50923 | Specialtycare, Inc. | 06/25/2021 |
| 21-50924 | Tozour Energy Systems, Inc. | 06/25/2021 |
| 21-50925 | Zimmer US, Inc. | 06/25/2021 |
| 21-50926 | Bio-Optronics Inc. | 06/25/2021 |
| 21-50927 | Duff & Phelps Corporation | 06/25/2021 |
| 21-50928 | Germain & Company, Inc. | 06/25/2021 |
| 21-50930 | Nova Capital Group LLC | 06/25/2021 |
| 21-50931 | Quantros Inc. | 06/25/2021 |
| 21-50932 | Anesthesia Business Consultants, LLC | 06/26/2021 |
| 21-50933 | Cryolife Inc. | 06/26/2021 |
| 21-50934 | Freedom Specialty Services Inc. | 06/26/2021 |
| 21-50936 | Genzyme Corporation | 06/26/2021 |
| 21-50937 | Heery International Inc. | 06/26/2021 |
| 21-50938 | Holland Square Group, LLC | 06/26/2021 |
| 21-50939 | Huntington Technology Finance Inc. | 06/26/2021 |
| 21-50940 | Radiometer America Inc. | 06/26/2021 |
| 21-50942 | Scheduling.com, Inc. | 06/26/2021 |
| 21-50943 | TF Development Ltd. | 06/26/2021 |
| 21-50944 | DLC Management Group Inc. | 06/26/2021 |
| 21-50945 | FFF Enterprises Inc. | 06/26/2021 |
| 21-50946 | Priority Healthcare Distribution, Inc. | 06/26/2021 |
| 21-50948 | Accruent LLC | 06/27/2021 |
| 21-50949 | Call 4 Nurse LLC and Call 4 Health, Inc. | 06/27/2021 |
| 21-50950 | Diagnostica Stago Inc. | 06/27/2021 |
| 21-50951 | Instrumentation Laboratory Inc. | 06/27/2021 |
| 21-50952 | Merit Medical Systems Inc. | 06/27/2021 |
| 21-50953 | Misys Healthcare Systems Corp. | 06/27/2021 |
| 21-50954 | Reuter & Haney Inc. | 06/27/2021 |
| 21-50955 | SD Real Estate Developers LLC | 06/27/2021 |
| 21-50956 | Tele-Physicians, P.C. | 06/27/2021 |
| 21-50957 | Veolia Energy Philadelphia, Inc. | 06/27/2021 |
| 21-50958 | WW Grainger Inc. | 06/27/2021 |
| 21-50959 | Joanna Zimmerman | 06/27/2021 |
| 21-50960 | Medical Doctor Associates LLC | 06/28/2021 |
| 21-50961 | Perinatal Cardiology Consultants, PC | 06/28/2021 |
| 21-50962 | Philadelphia Urosurgical Associates PC | 06/28/2021 |
| 21-50963 | Fisher Scientific Company L.L.C. | 06/28/2021 |
| 21-50964 | David Keith Butler, Sr. | 06/28/2021 |
| 21-50965 | Independent Medical Expert Consulting Services, Inc. | 06/28/2021 |
| 21-50967 | Pfizer Inc. | 06/28/2021 |
| 21-50984 | Ackers Hardware Inc. | 06/28/2021 |
| 21-50986 | S.R. Wojdak & Associates, LP | 06/28/2021 |

39004672.2

| Case No. | Defendant | Filing Date |
|---|---|---|
| 21-51024 | Sunquest Information Systems, Inc. | 08/20/2021 |
| 21-51025 | S.A. Comunale Co., Inc. | 08/20/2021 |
| 21-51026 | Bio-Rad Laboratories Inc. | 08/23/2021 |
| 21-51027 | Comphealth Associates Inc. | 08/23/2021 |
| 21-51028 | Arthrex Inc. | 08/23/2021 |
| 21-51029 | West Physics Consulting, LLC | 08/27/2021 |

3

**Exhibit 1-B**
**Avoidance Actions filed by Klehr Harrison Harvey Branzburg LLP, Conflicts Counsel**

| Case No. | Defendant | Filing Date |
|---|---|---|
| 21-50764 | Carefusion Solutions LLC | 6/23/2021 |
| 21-50969 | Accreditation Council for Graduate Medical Education | 06/28/2021 |
| 21-50971 | Beckman Coulter Inc. | 06/28/2021 |
| 21-50973 | Cintas Corporation | 06/28/2021 |
| 21-50974 | Depuy Synthes Sales, Inc. | 06/28/2021 |
| 21-50975 | FedEx Corporation | 06/28/2021 |
| 21-50976 | Fortec Medical Inc. | 06/28/2021 |
| 21-50977 | GlaxoSmithKline LLC | 06/28/2021 |
| 21-50979 | Hologic Inc. | 06/28/2021 |
| 21-50980 | KCI USA Inc. | 06/28/2021 |
| 21-50981 | Manhattan Telecommunications Inc. et al | 06/28/2021 |
| 21-50982 | Nuvasive Inc. | 06/28/2021 |
| 21-50983 | Orthopediatrics Corp. | 06/28/2021 |
| 21-50985 | Sanofi Pasteur Inc. | 06/28/2021 |
| 21-50987 | Siemens Industry, Inc. et al | 06/28/2021 |
| 21-50988 | Sterilmed Inc. | 06/28/2021 |

39004672.2

**Exhibit 1-C**

**Avoidance Action filed by Cross & Simon, LLC, Conflicts Counsel**

| Case No. | Defendant | Filing Date |
|----------|-----------|-------------|
| 21-50913 | Airgas Inc. | 06/25/2021 |

5

**Exhibit 2**

**List of Proposed Mediators**

## **Mediator List**

Leslie A. Berkoff, Esq.
Moritt Hock & Hamroff LLP
400 Garden City Plaza
Garden City, NY 11530
Phone: 516-880-7243
Email: lberkoff@moritthock.com


Maria Aprile Sawczuk, Esq.
Goldstein & McClintock LLLP
1201 N. Orange Street, Suite 7380
Wilmington, DE 19801
Phone: 302-444-6710
Email: marias@goldmclaw.com


Mark S. Kenney, Esq.
1447 Greenwalt Road
Huntingdon Valley, PA 19006-2607
Phone: 215-680-1616
Email: kenney@mkenneylaw.com


Ian Connor Bifferato, Esq.
The Bifferato Firm, P.A.
1007 North Orange Street, 4th Floor
Wilmington, DE 19801
Phone: 302-225-7600
Email: cbifferato@tbf.legal